**Commonwealth v. Predmore**

*Martha Duvall, assistant district attorney,* for the Commonwealth. .

*D. Bruce Cahilly,* for defendant.

FINK, *P.J.,* January 30, 1985—Defendant herein appeals from a conviction before the district magistrate on the charge of operating a motor vehicle when his operating privileges had been suspended. Defendant apparently had been previously placed in the accelerated rehabilitative disposition program pursuant to a charge of driving under the influence.

The district magistrate, under section 1543(b) of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §1543, sentenced defendant to pay a fine in the sum of $1,000 and to undergo imprisonment for 90 days. At the time of the arrest for the offense from which defendant herein appeals, he was operating a three-wheel all-terrain vehicle. Counsel for defendant takes the position that the all-terrain vehicle is not a motor vehicle within the definitions as set forth in section 102 of the act and, further, is not a vehicle subject to registration under section 1302.

We disagree with both contentions. The definition of a motor vehicle as set forth in section 102 is as follows:

"A vehicle which is self-propelled except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but not operated upon rails." The three-wheel all-terrain vehicle driven by defendant is, indeed, a ve-

hicle which is self-propelled and does not fall within the exception.

Section 1302 defines vehicles subject to registration and sets forth in 1302(a) the general rule that, "no vehicle shall be operated upon any highway in this Commonwealth until the vehicle is properly registered with the department as provided in this chapter." It should be noted that the registration section refers to "vehicle" and not "motor vehicle." The definition of "vehicle" under section 102 is:

"Every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon rails or tracks." Certainly the three-wheel all-terrain vehicle is a "vehicle" within the definition as above set forth. Therefore, if the vehicle does not fall within the exception set forth in 1302(b), there is no question that it is required to be registered. There are some nine specific exceptions set forth in the statute, none of which appear to be appropriate to the ATV operated by defendant in the instant case.

Lastly, defendant argues that he did not receive notification of the withdrawal of privilege to operate an ATV and that he did not realize that the withdrawal of privilege referred to that type of vehicle. There is no question that the burden was upon defendant to determine prior to operating the ATV on the highways that it either could or could not lawfully be operated thereon when his privileges had been suspended. Defendant does acknowledge that he did, in fact, receive the regular notice of suspension.

We, therefore, must conclude that defendant, in fact, was driving a motor vehicle within the meaning of the act which should have been registered

and while his operating privileges were suspended of which he had been duly notified. There is no argument that at the time he was under suspension pursuant to being placed on the accelerated rehabilitative disposition program due to a driving while under the influence charge. Therefore, we are of the opinion that the sentence imposed by order of October 29, 1984, was properly entered.

## ORDER OF COURT

And now, this October 29, 1984, the above-named defendant having been found guilty on both counts as contained in the criminal information, this court sentences as follows:

As to the driving an unregistered vehicle, defendant is found guilty and a fine in the amount of $75 is hereby imposed to be distributed according to law.

As to the operating under suspension and the specific violation of section 1543(b), defendant is hereby sentenced to pay a fine in the amount of $1,000 and to undergo imprisonment in the Potter County Jail for not less than 90 nor more than 180 days, sentence to be effective forthwith; however, defendant is granted a supersedeas as it relates to the effectiveness of the sentence herein imposed to allow for a determination on an appeal, if an appeal is filed within the appropriate time.

It is further directed that defendant pay the costs of prosecution.